UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THEODORE WILCZYNSKI,
        Plaintiff,

-against-                              Civil Action No.: 6-20-cv-06616 (EAW)

GATES COMMUNITY CHAPEL OF
ROCHESTER, INC, d/b/a FREEDOM
VILLAGE USA, and FLETCHER A.
BROTHERS (a/k/a Pastor Brothers)
        Defendants
-----------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)


RESPECTFULLY SUBMITTED

CARBONARO LAW, PC
Attorneys for the Defendants
757 Third Avenue, 20th Floor
New York, New York 10017
(212) 888-5200
By: Joseph W. Carbonaro

To: David A. Beke, Esq.
    Desimone & Associates, LLC
    745 Fifth Avenue, Suite 500
    New York, New York 10151

# TABLE OF CONTENTS

Introductory Statement……………………………………………..…………….. 1

Statement of Facts………………………………………………………….……...1-3

Legal Argument……………………………………………………………………3-9
      The Allegations Set Forth in the Complaint are Not Plausible
      and are Therefore Insufficient Under Applicable Case Law…………………..3-4

      Negligent Supervision, Hiring, Training and Retention………………………..4-7

      Defendants Cannot be Held Vicariously Liable Because
      their Employees Actions Were Outside the Scope of their Employment……….8

      The Cause of Action for Negligent Infliction of Emotional Distress
      Must be Dismissed as Duplicative of Other Causes of Action………………….9

Conclusion……………………………………………………………………………9

# TABLE OF AUTHORITIES

Federal Cases:

*Ashcroft v. Iqbal,* 556 U.S. 662, 678–82, 129 S.Ct. 1937 (2009)..........................  3, 5, 6, 9

*Bell Atlantic Corporation v. Twombly,* 550 US 544, 127 S.Ct. 1955 (2007)............  3, 5, 6, 9

*Carabello v. NYC Dept. of Education,* 928 F.Supp.2d 627 (EDNY, 2013)..............  9

*Ehrens v. Lutheran Church,* 385 F.3d 232, 235 (2d Cir.2004)............................  4, 7

*Green v. City of Mount Vernon,* 96 F. Supp. 3d 263 (SDNY, 2015)......................  6, 7


Federal Rules:

Fed. R. Civ. P. 12……………………………………………………………..  1

Fed. R. Civ. P. 8……………………………………………………………….  4

New York State Court Cases:

*Adams v. New York City Transit Authority,* 88 NY2d 116................................  8

*D'Amico v. Christie,* 71 NY2d 76, 524 NYS2d 1 (1987)..................................  7

*Doe v. Rohan,* 17 AD3d 509 (2d Dept., 2005)…………………………………..

*Mazzarella v. Syracuse Diocese,* 100 AD3d 1384 (4th Dept 2012).......................

*Mary KK v. Jack LL,* 203 AD2d 840 (3d Dept 1994)…………………………...  8

*Pasternack v. Lab. Corp. of Am. Holdings,* 27 NY3d 817 (2016).......................  7

*Torrey v. Portville Cent. Sch.,* 66 Misc. 3d 1225(A), 125 N.Y.S.3d 531 (N.Y. Sup. Ct. 2020)..................................................................................  8, 9

*Wolkstein v. Morgenstern,* 275 AD2d 635, 637 [1st Dept 2000]).......................  9

New York State Statutes:

CPLR 3211……………………………………………………………………..

CPLR Section 214-G……………………………………………………………….. 1

CPLR Section 214(5)……………………………………………………………… 1

Penal Law Section 130…………………………………………………………….. 2

INTRODUCTORY STAEMENT

Defendants Gates Community Chapel of Rochester, Inc. ("Gates"), and Fletcher A. Brothers ("Brothers") submit this memorandum of law in support of their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As will be set forth below, the causes of action alleged in the Complaint are not sufficiently pleaded or are not supported by the factual allegations Plaintiff has set forth.

STATEMENT OF FACTS

The Complaint:

In this action, Plaintiff Theodore Wilczynski seeks damages for events alleged to have occurred between 1991 and 1994 (Compl., ¶5) using the New York Child Victims Act ("CVA"). The CVA effectively extends the statute of limitations to allow the action to proceed without regard to the otherwise lapsed period of limitations. See, New York CPLR Section 214-G, Section 214(5). Here, causes of action for: 1) negligent hiring; 2) negligent training; 3) negligent supervision; 4) negligent retention; 5) negligence; and 6) negligent infliction of emotional distress.

All causes of action against the moving defendants are premised on the same theory, specifically, that the Defendants were negligent in allowing the Plaintiff to be sexually assaulted and/or otherwise abused by individuals (who are not named defendants to the action) alleged to be Defendants' employees. Compl. at ¶¶14-17. Plaintiff alleges that he was a student at Freedom Village USA ("FVU"), which was a Christian school operated by Defendant Gates. Compl. at ¶7. Defendant Brothers is alleged to have "owned, operated and controlled" FVU. Compl. at ¶8. Brothers is further alleged to have served as its Pastor. *Id.* Brothers is not alleged

1

to have engaged in any conduct which itself would violate New York Penal Law Article 130 *et seq.*, a requirement to utilize the CVA. See, Compl. at ¶21. Rather, the sexual misconduct alleged is attributed only to FVU employees. Their identities are set forth in paragraphs 14-17 of the Complaint.

The acts alleged to comprise "sexual abuse" (See, Compl. ¶21) as defined by Penal Law Article 130 include claims that one employee "engaged in a pattern of forming inappropriate relationships with [male students]" and would "befriend certain boys by giving them extra attention…" Compl. ¶22. This same employee "would visit male students in their respective rooms and lay with them in bed, or invite them to lay in [his] bed [ ]." Compl. at ¶23. Plaintiff alleges, without attribution, that this behavior was "brought to the attention of FVU administrators and Brothers…" Compl. at ¶24. It is alleged that this same employee "repeatedly sodomized Plaintiff as well as performed oral sex on him." Compl. at ¶25. Plaintiff vaguely mentions that two other FVU staff members "looked the other way when observing….[the] abuse of Plaintiff." Compl. at ¶26.

Plaintiff then alleges acts that are alleged to have occurred off FVU grounds, in Indiana. See, Compl. ¶¶27-28.

During Plaintiff's senior year at FVU (presumably, although not specified in the Complaint) the employee alleged to have sodomized Plaintiff was arrested for "raping another male student at FVU." There is no claim in the Complaint that the arrest was brought to Brothers' attention or that of any administrator at FVU.

A second FVU staff member is also alleged to have sexually abused Plaintiff, much in the same way the first staff member is alleged to have done. Compl. at ¶¶31-32. Once again, the other staff members responsible for monitoring the students is alleged to have "looked the other

2

way" when this second staff member sodomized Plaintiff. Compl. at ¶34. While the Complaint alleges that after first being sodomized by the second staff member, Plaintiff sought treatment from the FVU nurse, it is claimed that the nurse made no record of the abuse, did not investigate the incident, nor perform a test for AIDS, as Plaintiff allegedly requested. There is no allegation that any of this was brought to Defendant Brothers' attention or that of any administrator.

Another claim is made that the staff member abused Plaintiff at his residence in the Washington DC area, well beyond the FVU campus grounds. Compl. at ¶35. Plaintiff seems to allege, although it is unclear from the language of the Complaint, that Plaintiff was dismissed from FVU following an internal investigation relating to the arrest of the first staff member alleged to have abused him. No mention is made that Brothers was involved in the investigation or that he was made aware of any claim set forth in the Complaint.

What follows in the Complaint are essentially boilerplate recitals of the elements of each cause of action, which add little or nothing informative to the claims as described in paragraphs 21-36.

## LEGAL ARGUMENT

### The Allegations Set Forth in the Complaint are Not Plausible and are Therefore Insufficient Under Applicable Case Law.

The Court is well-aware of the *Iqbal-Twombly* plausibility standard of review applicable to a Rule 12(b) motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citations, alterations, and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure, which, as noted, requires that a prayer for relief contain "a short and plain statement of the claim showing that the pleader is

3

> entitled to relief[,]" Fed.R.Civ.P. 8(a)(2), 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).8 'Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.' *Id.* (alterations and internal quotation marks omitted). Instead, a complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level....' *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, 127 S.Ct. 1955, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," id. at 570, 127 S.Ct. 1955, if a plaintiff has not "nudged [his or her] claim[ ] across the line from conceivable to plausible, the[ ] complaint must be dismissed," id.; see also *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

It will be established that the Plaintiff has not pleaded plausible allegations sufficient to establish any cause of action.

### Negligent Supervision, Hiring, Training and Retention

Under New York State law, applicable to these common law causes of action,

> To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship, (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence, and (3) that the tort was committed on the employer's premises or with the employer's chattels. *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir.2004)

The Complaint in the instant case contains only conclusory allegations that Defendants knew or should have known of the employees' propensity for sexual misconduct of the kind otherwise alleged. There is no allegation that the Defendant Brothers knew or should have known of any propensity to commit such acts. At best, it alleges in a conclusory manner at ¶24 that one of the employee's conduct was "brought to the attention of FVU administrators and Brothers" without

4

specifying the time when this information was allegedly conveyed, the means of communication, whether Plaintiff himself conveyed this information, or even the sum and substance of what was said to convey it. In other words, the allegation in this paragraph is boilerplate. It is merely a formulaic recitation of one element of several causes of action and cannot be considered plausible under the *Iqbal-Twombly* standard.

The only other allegation made which even mentions Brothers is a similarly conclusive claim that he interrogated Plaintiff on his sexual history and asked if he had ever had sex with animals. This allegation of course proves nothing. It does not support a theory of negligent supervision, training, retention or hiring. At worst, Brothers is alleged to have asked inappropriate questions and does not show he knew of any propensity on the part of his workers for sexual misconduct. While these allegations may be sufficient as a direct claim against the employees involved, they add nothing to establish that Brothers or FVU were negligent under any theory raised in the Complaint.

At paragraph 33, Plaintiff alleges that he went to the FVU nurse due to injuries he allegedly sustained as a result of a sexual assault. Yet, Plaintiff does not allege that this information was reported to Brothers or any FVU administrator. Plaintiff, referring to a different employee, then alleges that staff members "looked the other way" when they allegedly observed Plaintiff being sexually assaulted. There is no claim that they informed Brothers or other high-level FVU personnel.

The only paragraph that even approaches a claim that Brothers and FVU knew or should have known of its employees' propensity for sexual misconduct/assault is at paragraph 40. It reads:

> FVU, a private boarding school for troubled teens operating from a
> Christian fundamentalist perspective, and Brothers knew or should

5

> have known of the propensity of its administration and staff…to subject its minor students…to sexual abuse prior to the sexual abuse of Plaintiff as set forth above.

Plaintiff seems to suggest that because FVU was Christian fundamentalist, Brothers should have known that members of the FVU staff must be sex offenders or abusers. This assumes much but establishes nothing. In fact, this paragraph is precisely the kind of allegation that *Iqbal-Twombly* ruled is insufficient to defeat a Rule 12(b)(6) motion to dismiss. It merely recites an element of the causes of action.

Upon inspection of the Complaint, the Court will observe that Plaintiff takes this same approach for all causes of action. There are simply no facts alleged that constitute a plausible claim. In *Iqbal*, the Court explained that

> Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' *Id*. at 679, 1937.

While Plaintiff has made many allegations which suggest the <u>possibility</u> of knowledge on Brothers' and FVU's part, there are no facts alleged which would allow the Court to infer more.

In *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263 (SDNY, 2015), the Court addressed a claim for negligent retention of certain police officers. There, Plaintiff alleged that "[a]s a result of the wrongful acts of their named employees ... [Mount Vernon] is guilty of negligently supervising their employees causing property damage to Plaintiffs' property." Id. 281. Citing the same elements of this cause of action as stated above, the Court held that "Plaintiffs fail to plead *any* facts that could plausibly state a claim that Mount Vernon knew or should have known of the Defendant Police Officers' propensity for the conduct in question

6

here." *Id.* at 281. The Court concluded, stating that "Plaintiff's conclusory assertion that Mount Vernon is 'guilty of negligently supervising their employees causing … damage to Plaintiff's property' is not enough. (quoting from the First Amended Complaint) Therefore, this claim is dismissed.

Plaintiff also alleges sexual misconduct that took place off the FVU premises, specifically in Washington, DC. (See, Complaint at ¶35). In *Ehrens*, 385 F.3d. 232, the Second Circuit explained that the tort for which the Plaintiff seeks to hold Defendant liable must have been "committed on the employer's premises or with the employer's chattels. *Id.* at 235, citing *D'Amico v. Christie*, 71 NY2d 76, 524 NYS2d 1 (1987). To the extent that one act is alleged to have occurred off Defendant's premises, Plaintiff's Complaint is further weakened as to every cause of action.

Plaintiff also brings a cause of action for negligence. In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." (*Pasternack v. Lab. Corp. of Am. Holdings*, 27 NY3d 817, 825 [2016]). In short, Defendants did not breach their duty to Plaintiff since Plaintiff has failed to allege facts sufficient to show Defendants knew or should have known the two particular employees had a propensity to engage in sexual misconduct and/or abuse. Since the theory of negligence is essential to and part of negligent supervision, hiring, training and retention, it is duplicative and must therefore be dismissed.

<u>Defendants Cannot be Held Vicariously Liable Because their Employees Actions Were Outside the Scope of their Employment.</u>

Quite clearly, when and if FVU employees engaged in the acts alleged, they were not acting within the scope of their employment. On New York Court explained this principle concisely and authoritatively:

> As a general rule, employers are held vicariously liable for their employees' torts only to the extent that the underlying acts are within the scope of the employment." (*Adams v. New York City Transit Authority*, 88 NY2d 116, 119 [Court of Appeals, 1996]). Further, '[u]nder the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment.' (*Doe v. Rohan*, 17 AD3d 509, 512 [2d Dept 2005], *lv denied* 6 NY3d 701 [2005]). Sexual abuse is a clear departure from scope of employment, 'committed solely for personal reasons, and unrelated to the furtherance of his employer's business.' (*Id.*; *see also*, *Mazzarella v. Syracuse Diocese*, 100 AD3d 1384, 1385 [4th Dept 2012]; and *Mary KK v. Jack LL*, 203 AD2d 840, 841 [3d Dept 1994]). Therefore, as a matter of law, the doctrine of respondeat superior is not applicable to the present matter. Portville's motion to dismiss plaintiff's second cause of action to the extent it seeks to hold Portville liable for the negligence and/or gross negligence of defendant Haley is granted pursuant to CPLR 3211(a)(7). *Torrey v. Portville Cent. Sch.*, 66 Misc. 3d 1225(A), 125 N.Y.S.3d 531 (N.Y. Sup. Ct. 2020).

Therefore, liability cannot be imputed from employee to employer since the acts alleged are quite clearly not related to the employer's business and are outside the scope of the employees' employment. Sexual abuse is perhaps the most self-serving crime one can commit and it can only be committed for personal reasons that are, here, totally unrelated to FVU's and Brothers' business.

## The Cause of Action for Negligent Infliction of Emotional Distress Must be Dismissed as Duplicative of Other Causes of Action.

In *Torrey v. Portville Cent. School*, 66 Misc.3d 1225(A), 125 NYS3d 531 (NY Sup. Ct., 2020),

> Generally, a cause of action for infliction of emotional distress is not allowed if essentially duplicative of tort or contract causes of action." (*Wolkstein v. Morgenstern*, 275 AD2d 635, 637 [1st Dept 2000]). Here, the allegations set forth under the sixth cause of action are duplicative of the negligence causes of action.

The Court, accordingly, dismissed the claim for infliction of emotional distress.

In *Carabello v. NYC Dept. of Education*, 928 F.Supp.2d 627 at 645-646 (EDNY, 2013), the Court set forth the elements of a claim for negligent infliction of emotional distress as follows:

> Under New York law, a claim of negligent infliction of emotional distress requires a showing of (1) extreme and outrageous conduct, (2) a causal connection between the conduct and the injury, and (3) severe emotional distress.

While the employees who are alleged to have sexually abused Plaintiff may well be liable under this claim, the Defendants are not. Defendants are not alleged themselves to have engaged in "extreme and outrageous conduct." Therefore, the first element of cannot be established. But in any event, this claim is duplicative of other claims made and therefore should be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to allege allegations sufficient to allow the Court to find them plausible within the meaning of *Iqbal-Twombly* and their progeny. Accordingly, the Defendants respectfully ask the Court to dismiss the Complaint in its entirety.

Dated: New York, New York
       June 25, 2021

                                        Respectfully Submitted,

                                        CARBONARO LAW, PC
                                        Attorneys for the Defendants
                                        757 Third Avenue, 20th Floor
                                        New York, New York 10017
                                        (212) 888-5200
                                        Fax: (212) 898-0394
                                        Email: joe@jcarbonarolaw.com

                              By: _____
                                        Joseph W. Carbonaro

To: David Beke, Esq.
     DESIMONE & ASSOCIATES
     Attorneys for the Plaintiff
     745 Fifth Avenue, Suite 500
     New York, New York  10151