UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------- X
THEODORE WILCZYNSKI,                  :

                Plaintiff,    :    Civ. Action No.

    -against-                        :

GATES COMMUNITY CHAPEL            :    **COMPLAINT**
OF ROCHESTER, INC. d/b/a
FREEDOM VILLIAGE USA,             :    (Jury Trial Demanded)
and FLETCHER A. BROTHERS
(aka Pastor Brothers),            :    ECF Case
                Defendants.
-------------------------------- X

      Plaintiff, Theodore Wilczynski, by and through his attorneys, DeSimone & Associates, LLC, by way of Complaint against Defendants, Gates Community Chapel, Inc., d/b/a Freedom Village USA, and Fletcher A. Brothers (aka Pastor Brothers) alleges as follows:

## **PRELIMINARY STATEMENT**

      1.    This is an action, based upon diversity jurisdiction, in which Plaintiff, Theodore Wilczynski ("Plaintiff") seeks compensatory and punitive damages, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems just and proper, for the negligent acts of Defendants Gates Community Chapel, Inc., d/b/a Freedom Village USA ("FVU") and Pastor Fletcher A. Brothers ("Brothers") in connection with Plaintiff's attendance at the private school Freedom Village USA, located in Lakemont, New York. Plaintiff brings this lawsuit alleging against Defendants claims of negligent hiring, training, supervision and retention of employees that placed him in a position to be sexually abused throughout his attendance at FVU causing him severe physical and emotional harm.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction herein pursuant to 28 U.S.C. §1332(a) as no plaintiff and no defendant are citizens of the same state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is this District is proper under 28 U.S.C. §1391(b) as a substantial portion of the events or omissions giving rise to this claim occurred within the boundaries of the Western District of New York.

## JURY TRIAL DEMAND

4. Plaintiff demands a trial by jury on each and every one of this claims as pleaded herein.

## PARTIES

5. Plaintiff, Theodore Wilczynski, a citizen of the Commonwealth of Virginia, attended FVU from September of 1991 through June of 1994, during which time he was repeatedly sexually abused.

6. Plaintiff, born on July 19, 1975, was a minor when the when the injuries alleged herein occurred. Under the law of New York, CPLR 208(b), the statute of limitations is tolled by a period of thirty-seven (37) years from the date of his eighteenth birthday to commence litigation.

7. At all times alleged herein, defendant Gates Community Chapel of Rochester, Inc. d/b/a Freedom Village USA, a citizen of the State of New York, is a corporation formed under the Laws of the State of New York, and is located at 5275 NY-14, Lakemont, New York.

8. Upon information and belief, at all times hereinafter mentioned, defendant Pastor Fletcher A. Brothers, a citizen of the State of Florida, owned, operated and controlled FVU.

2

## STATEMENT OF FACTS

9. During the time period of September of 1991 through June of 1994, FVU operated as a private boarding school for troubled teens from a Christian Fundamentalist perspective.

10. Prior to September of 1991, Plaintiff was experiencing difficulty in his local High School, which caused him to be suspended from school. As a result, his foster parents determined that it would be best for him to attend school in a new and different environment that provided an education from a Christian prospective.

11. At all times alleged herein, there were approximately, one hundred (100) students enrolled at FVU.

12. At all times alleged herein, FVA consisted of a school building where classes and religious instruction took place. The kitchen and cafeteria were located in this building. In addition to this building, FVA maintained a two-story dormitory for its male and female students.

13. At all times alleged herein, Brothers owned, operated and controlled FVU.

14. At all times alleged herein, FVU employed Mr. Miguel Galan in various capacities including a Staff Member, Senior Staff Member and Assistant Dean of Boys.

15. At all times alleged herein, FVU employed Mr. Thomas Jipping as a Counselor.

16. At all times alleged herein, FVU employed Mr. Jose Young as a Senior Staff Member.

17. At all times alleged herein, FVU employed Mr. Todd Penkowski as a Senior Staff Member.

*Acts Leading to Sexual Abuse*

18. At the time Plaintiff enrolled as a student at FVU, Brothers and staff members interrogated Plaintiff on his sexual history for the purpose of forcing a confession of sexual promiscuity and misconduct. For example, Brothers bizarrely demanded to know whether Plaintiff had ever had sex with animals.

19. During his time at FVU, faculty and staff members punished Plaintiff by: (i) forcing him to carry logs from a woodpile back and forth across a parking lot on top of his extended arms; and (ii) locking him in an insolation room and forcing him to transcribe verses of the Bible.

20. In addition, Senior Staff Members, Young and Penkowski repeatedly harassed Plaintiff by publically accusing him of being a homosexual and saying that that Plaintiff was feminine.

*Sexual Abuse as Defined by NY Penal Code Article 130*

21. As a result of the wrongful acts committed by the FVU faculty, administration and staff members, Plaintiff was subjected to sexual abuse as defined by New York Penal Code Article 130 as a result of being placed into a position of weakness and vulnerability.

22. During his time at FVU, Galan lived in an apartment in the boys' wing of the dormitory. While living in close proximity to the male students of FVU, Galan engaged in a pattern of forming inappropriate relationships with them. Galan would befriend certain boys by giving them extra attention and allowing them to have special privileges such as allowing them to watch television, listen to music and giving them food.

23. In addition, Galan would visit male students in their respective rooms and lay with them in bed, or invite male student to lay in Galan's bed with him.

4

24. Although Galan's inappropriate conduct was brought to the attention of FVU administration and Brothers, FVU, nevertheless, promoted Galan from Staff Member to Senior Staff Member and eventually to the administrative position of Assistant Dean of Boys.

25. Throughout his time at FVU, Galan targeted Plaintiff as a victim for sexual abuse. Specifically, Galan repeatedly sodomized Plaintiff as well as performed oral sex on him.

26. Although Senior Staff Members Young and Penkowski were responsible for monitoring the boys' dormitory each night, both looked the other way when observing Galan's abuse of Plaintiff.

27. Galan's sexual abuse not only occurred on FVU grounds, he also abused Plaintiff during a FVU school trip to Indiana that Plaintiff attended with the Freedom Victory Singers.

28. During that trip, Galan forced Plaintiff to sleep in Galan's hotel room. In the middle of the night, Galan masturbated on top of Plaintiff and eventually sodomized him.

29. During Plaintiff's senior year, Galan stopped abusing Plaintiff only after local police arrested Galan for raping another male student at FVU.

30. In addition to the sexual abuse committed by Galan, Jipping also sexually abused Plaintiff.

31. As was the case with Galan, Jipping would visit male students in their respective rooms and lay with them in bed, or invite male student to lay in Jipping's bed with him.

32. Jipping would enter Plaintiff's room at night and lay in bed with Jipping, grinding his erect penis into Plaintiff's back. Jipping then began to manipulate Plaintiff's penis. Eventually, Jipping sodomized Plaintiff.

5

33. After the first time Jipping sodomized him, Plaintiff sought medical treatment from the FVU nurse, including a request for an AIDS test. Following Plaintiff's visit to the FVU nurse, FVU made no record, did not investigate the incident, and did not test Plaintiff for AIDS.

34. As was the case with Galan, Senior Staff Members Young and Penkowski looked the other way when observing Jippings' abuse of Plaintiff.

35. During Plaintiff's senior class trip to Washington D.C., Plaintiff and the other male students stayed in a residence that Jippings maintained in Washington D.C. area. While staying in Jippings residence, Jippings forced Plaintiff into the bathroom and sodomized him, which caused Plaintiff to bleed for a period of one week.

36. After the repeated sexual abuse by Galan and Jippings, FVU expelled Plaintiff from following and in internal interrogation related to Galan's arrest.

## FIRST CAUSE OF ACTION
### (Negligent Hiring)

37. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

38. At all times alleged herein, the administration and staff members of FVU, including Miguel Galan and Thomas Jipping were in an employer-employee relationship with FVU.

39. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to perform the requisite screening of administration and staff in order to hire competent and morally-fit employees.

40. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, and Brothers knew or should have known of the propensity of its

6

administration and staff, including Miguel Galan and Thomas Jipping to subject its minor students, including Plaintiff, to sexual abuse prior to the sexual abuse of Plaintiff, as set forth above.

41. The wrongful acts committed by the administration and staff of FVU, as set forth above were committed on school grounds and in connection with FVU school functions and events.

42. The wrongful acts committed by the administration and staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

43. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent hiring of the administration and staff of FVU.

## SECOND CAUSE OF ACTION
### (Negligent Training)

44. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

45. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to properly train its administration and staff to ensure that they could provide an education to its students in a competent and morally-fit manner.

46. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, and Brothers failed to properly train its administration and staff, and knew or should have known that a failure to do so would result in the sexual abuse of the minor students of FVU, including the sexual abuse of Plaintiff, as set forth above.

7

47. The wrongful acts of the administration and staff of FVU, as set forth above, were committed on school grounds and in connection with school functions and events.

48. The acts of wrongful acts of the administration and staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

49. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial resulting from its negligent training of the administration and staff of FVU.

## THIRD CAUSE OF ACTION AGAINST
### (Negligent Supervision)

50. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

51. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to properly supervise its administration and staff to safeguard its students from sexual abuse.

52. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, and Brothers failed to properly supervise its administration and staff, and knew or should have known that a failure to do so would result in the sexual abuse of the minor students of FVU, including the sexual abuse of Plaintiff, as set forth above.

53. The wrongful acts committed by the administration and staff of FVU, as set forth above, were committed in connection with school functions and events.

54. The wrongful acts committed by the administration and staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

55. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent supervision of the administration and staff of FVU.

### FOURTH CAUSE OF ACTION
### (Negligent Retention)

56. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

57. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to properly investigate the complaints of sexual abuse committed by its employees as well as the conduct of its employees to safeguard its minor students, including Plaintiff, from sexual abuse.

58. Upon information and belief, students and others had complained of sexual abuse committed by Miguel Galan and Thomas Jipping prior to the sexual abuse of Plaintiff, as set forth above.

59. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, and Brothers failed to properly investigate the complaints of sexual abuse committed by Miguel Galan and Thomas Jipping as well as the conduct of its administration and staff as set forth above, and knew or should have known that a failure to do so would result in continued sexual abuse of Plaintiff.

60. The wrongful acts committed by the administration and staff of FVU, as set forth above, were committed in connection with school functions and events.

61. The wrongful acts committed by the administration and staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

9

62. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent retention of employees that sexually abused Plaintiff and/or placed Plaintiff in a position to be sexually abused.

## FIFTH CAUSE OF ACTION
### (Negligence)

63. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

64. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to ensure that its administration was competent and morally-fit to educate its minor students, including Plaintiff.

65. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to ensure its staff members were competent and morally-fit to work in close proximity to its minor students, including Plaintiff.

66. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, including Brothers knew or should have known of the propensity of its administration and faculty, including Miguel Galan and Thomas Jipping to engage in wrongful conduct that would lead to the sexual abuse of the minor students of FVU, prior to the sexual abuse of Plaintiff, as set forth above.

67. The wrongful acts committed by the administration and staff of FVU, as set forth above were committed on school grounds and in connection with school functions and events.

10

68. The wrongful acts committed by the administration and staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

69. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent failure to safeguard Plaintiff from sexual abuse committed by the administration and staff of FVU.

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

70. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

71. In failing to prevent the acts of sexual abuse of Plaintiff committed by its administration and staff, FVU and Brothers acted in blatant disregard of the high degree of probability of the severe emotional distress and physical harm that Plaintiff would directly suffer.

72. The failure of FVU and Brothers to safeguard Plaintiff from sexual abuse committed by the administration and staff of FVU was outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

73. The failure of FVU and Brothers to safeguard Plaintiff from sexual abuse committed by the administration and staff of FVU proximately caused Plaintiff to directly suffer severe physical harm and emotional distress.

11

74. Based on the above, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent infliction of emotion distress.

**WHEREFORE**, Plaintiff, Theodore Wilczynski, demands the following relief, jointly and severally, against Defendants, Gates Community Chapel, Inc., d/b/a Freedom Village USA, and Fletcher A. Brothers (aka Pastor Brothers):

A. Compensatory damages in an amount to be determined by jury at the time of trial;

B. Punitive damages in an amount to be determined by jury at the time of trial;

C. Attorneys' fees, costs and interest; and

D. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 14, 2020

*/s/ David Beke*
DAVID A. BEKE, ESQ. (WD0012826)
DESIMONE & ASSOCIATES. LLC
745 Fifth Avenue, Suite 500
New York, New York 10151
(646) 776-7425 (telephone)
(212) 207-3111 (facsimile)

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THEODORE WILCZYNSKI | GATES COMMUNITY CHAPEL OF ROCHESTER, INC. d/b/a FREEDOM VILLIAGE USA, and FLETCHER A. BROTHERS (aka Pastor Brothers), |
| (b) County of Residence of First Listed Plaintiff  Northfolk County, VA *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Yates County, NY *(IN U.S. PLAINTIFF CASES ONLY)*  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*  DeSimone & Associates, LLC  745 Fifth Avenue Suite 500  New York NY 10151 646-776-7425 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C § 1332 (a)

Brief description of cause:
Plaintiff was sexually abused by defendants causing plaintiff severe physical and emotional harm

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
08/17/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____