UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

THEODORE WILCZYNSKI,

                          Plaintiff,                                    **DECISION AND ORDER**

              v.                                                         6:20-CV-06616 EAW

GATES COMMUNITY CHAPEL OF
ROCHESTER, INC., d/b/a FREEDOM
VILLAGE USA, and FLETCHER A.
BROTHERS, a/k/a PASTOR BROTHERS,

                          Defendants.

———————————————————————

## INTRODUCTION

Plaintiff Theodore Wilczynski ("Plaintiff") commenced this negligence action on August 19, 2020, against Defendants Gates Community Chapel of Rochester, Inc. d/b/a Freedom Village USA ("FVU") and Fletcher A. Brothers a/k/a Pastor Brothers ("Brothers") (collectively "Defendants") pursuant to this Court's diversity jurisdiction. (Dkt. 1).  Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(b).  (Dkt. 16).  For the reasons that follow, Defendants' motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Plaintiff's complaint.  (Dkt. 1).

Plaintiff, a citizen of the Commonwealth of Virginia, attended FVU, a private boarding school for trouble teens located in Lakemont, New York, from September of 1991 through June of 1994.  (*Id.* at ¶¶ 1, 5, 9).  He alleges that FVU is a citizen of the State of

- 1 -

New York and Brothers a citizen of Florida.  (*Id.* at ¶¶ 7, 8).  Brothers owned, operated, and controlled FVU.  (*Id.* at ¶ 8).

FVU employed Miguel Galan ("Galan") in various capacities, including as the Assistant Dean of Boys. (*Id.* at ¶ 14).  It employed Thomas Jipping ("Jipping") as a counselor, and Jose Young ("Young") and Todd Penkowski ("Penkowski") as Senior Staff Members.  (*Id.* at ¶¶ 15, 16, 17).

Plaintiff alleges that he was subjected to repeated abuse while a student at FVU. Specifically, he alleges that Brothers demanded to know if Plaintiff ever had sex with animals, and alleges that he was harassed publicly by Young and Penkowski, who both repeatedly accused him of being a homosexual and feminine.  (*Id.* at ¶¶ 18, 20).

In addition, Galan had an apartment in the boys' dormitory and engaged in a pattern of inappropriate relationships with students.  (*Id.* at ¶¶ 22, 23).  Notwithstanding the fact that Galan's inappropriate conduct was brought to the attention of FVU administration and Brothers, FVU promoted Galan to his administrative position as Assistant Dean.  (*Id.* at ¶ 24).  Galan targeted and sexually abused Plaintiff, including repeatedly sodomizing Plaintiff and performing oral sex on him.  (*Id.* at ¶ 25).  Although Young and Penkowski were responsible for monitoring the boys' dormitory, they "looked the other way when observing Galan's abuse of Plaintiff." (*Id.* at ¶ 26).  Galan abused Plaintiff on FVU grounds and on school trips.  (*Id.* at ¶¶ 27, 28).  Galan's abuse only stopped during Plaintiff's senior year when Galan was arrested for raping another FVU student.  (*Id.* at ¶ 29).

Jipping also sexually abused Plaintiff.  (*Id.* at ¶ 30).  Jipping would visit male students in their bedrooms or invite male students to his bedroom.  (*Id.* at ¶ 31).  Jipping

sexually abused Plaintiff and ultimately sodomized him.  (*Id.* at ¶ 32).  Following the sodomization by Jipping, Plaintiff sought medical treatment from the FVU nurse, who made no record, did not investigate the incident, or test Plaintiff for AIDS as he requested. (*Id.* at ¶ 33).  Similar to their response to Galan's abuse, Young and Penkowski looked the other way when observing Jipping abusing Plaintiff.  (*Id.* at ¶ 34).  FVU expelled Plaintiff from school following an internal investigation arising from Galan's arrest.  (*Id.* at ¶ 36).

Plaintiff asserts claims against FVU and Brothers for negligent hiring (*id.* at ¶¶ 37-43); negligent training (*id.* at ¶¶ 44-49); negligent supervision (*id.* at ¶¶ 50-55); negligent retention (*id.* at ¶¶ 56-62); negligence (*id.* at ¶¶ 63-69); and negligent infliction of emotional distress (*id.* at ¶¶ 70-74).  His claims arise under the Child Victims Act ("CVA"), C.P.L.R. § 214-g, a claim-revival statute extending the statute of limitations for such claims.  He seeks compensatory and punitive damages, attorneys' fees, costs, and interest as damages.  (*Id.* at 12).

## PROCEDURAL HISTORY

On August 19, 2020, Plaintiff filed the instant action.  (Dkt. 1).  On June 25, 2021, Defendants filed the instant motion to dismiss.  (Dkt. 16).  On July 19, 2021, Plaintiff filed his opposition to the motion.  (Dkt. 18).

## DISCUSSION

### I.   Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the [pleading]'s '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

II.   **Defendants' Motion to Dismiss**

Defendants argue that the allegations set forth in Plaintiff's complaint are insufficiently pled and do not support any of the claims alleged, subjecting the complaint to dismissal in its entirety.  The Court disagrees.

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'"  *Crout v. Haverfield Int'l, Inc.*, 269 F. Supp. 3d 90, 96 (W.D.N.Y. 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006)).  In addition, "to state a claim for negligent supervision, hiring, training or retention of employees, a plaintiff must allege, in addition to the usual elements of negligence, that the defendant employer 'knew of [an] employee's propensity to commit the alleged acts or that defendant should have known of such propensity had it conducted an adequate hiring procedure.'"  *AA by BB v. Hammondsport Cent. Sch. Dist.*, No. 19-CV-6551L, 2021 WL 1081179, at *3 (W.D.N.Y. Mar. 22, 2021) (quoting *N.U. v. East Islip Union Free Sch. Dist.*, 2017 WL 10456860 at *16 (E.D.N.Y. 2017)).  Also, the employee's actions must have been outside of the scope of employment.  *Id.*

Liability for negligence against Defendants may not arise under a theory of vicarious liability, which is inapplicable, as here, where an employee clearly acted outside of the scope of his employment and his actions were entirely motivated by personal reasons.  *See Rich v. Fox News Network, LLC*, 939 F.3d 112, 129-130 (2d Cir. 2019) ("[t]he employee also must not be acting within the scope of his or her employment . . . [otherwise]

the employer [would] only be liable . . . vicariously under the theory of *respondeat superior*, [and] not for negligent supervision or retention"); *R.A. v. State*, 73 Misc. 3d 1235(A), 2021 WL 6276207, at *5-6 (Ct. Cl. 2021) ("Turning to the negligence claims asserted in the proposed claim, although the State may not be held vicariously liable for a sexual assault perpetrated by its employee, it may be held liable under the theories of negligent supervision and retention, as alleged here in the proposed claim.").

Here, Plaintiff does not argue that Defendants should be held vicariously liable for the conduct of Galan and Jipping, but instead contends that the gravamen of his negligence claim against Defendants arises from the same facts that support his claims for negligent hiring, training, supervision, and retention.  Specifically, he contends that the complaint contains sufficient allegations that Defendants owed a duty of care to Plaintiff, as a student at FVU, to ensure that its administration was competent and morally-fit to educate its minor students.  *See PC-41 Doe v. Poly Prep Country Day Sch.*, No. 20CV03628 (DG)(SJB), 2021 WL 4310891, at *12 (E.D.N.Y. Sept. 22, 2021) ("Starting with the duty element, it is well settled that [i]n New York, schools are under a special duty of *in loco parentis*, which obligates them to exercise such care of [their charges] as a parent of ordinary prudence would observe in comparable circumstances." (citations and quotations omitted)).  He alleges that Defendants breached that duty by not protecting him from Galan and Jipping's sexual abuse and that Defendants knew or should have known of the propensity of its administration and staff to engage in abuse.  Plaintiff specifically alleges that Galan's conduct was brought to the attention of FVU, who promoted Galan despite an awareness of his misconduct.  The alleged acts by Galan and Jipping were clearly

conducted outside of the scope of their employment and Plaintiff alleges severe emotional and physical harm arising from the abuse. Taking the allegations in Plaintiff's complaint as true, as it must, the Court concludes that the claims for negligence, negligent hiring, training, supervision, and retention have been adequately pled.

Plaintiff's final cause of action, negligent infliction of emotional distress, requires him "to show a breach of duty owed to [him or] her which unreasonably endangered [his or] her physical safety, or caused [him or] her to fear for [his or] her own safety.'" *A.M.P. v. Benjamin*, 201 A.D.3d 50, 2021 WL 5496954, at *3 (3d Dep't 2021). But "[u]nder New York law, claims are duplicative when both 'arise from the same facts and seek the identical damages for each alleged breach.'" *C.Q. v. Est. of Rockefeller*, No. 20-CV-2205 (VSB), 2021 WL 4942802, at *4 (S.D.N.Y. Oct. 21, 2021) (quoting *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015)). In similar cases arising pursuant to the CVA, courts have concluded that claims for negligent infliction of emotional distress are duplicative of other negligence-based claims. *See PC-41 Doe*, 2021 WL 4310891, at *15 ("And in similar CVA actions, both NIED and premises liability claims have been dismissed as duplicative of other tort claims." (collecting cases)); *Fay v. Troy City Sch. Dist.*, 197 A.D.3d 1423, 151 N.Y.S.3d 642, 643 (3d Dep't 2021) ("The conduct complained of in the causes of action for premises liability and negligent infliction of emotional distress falls entirely within the scope of plaintiff's separate causes of action for negligence, negligent supervision and negligent retention. Thus, the premises liability and negligent infliction of emotional distress claims must be dismissed as duplicative of the negligence,

negligent supervision and negligent retention claims." (quotation and citation omitted)). Plaintiff agrees that this claim is duplicative and subject to dismissal.  (Dkt. 18 at 10).

For these reasons, Defendants' motion to dismiss Plaintiff's complaint is denied except as to Plaintiff's claim for negligent infliction of emotional distress, which is dismissed.  Plaintiff's remaining claims may proceed.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part.  (Dkt. 16).  Plaintiff's claim for negligent infliction of emotional distress is dismissed as duplicative of the other causes of action.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 14, 2022
       Rochester, New York